**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Christopher Reeves,

                    Plaintiff,

vs.

Kevin McMahill, *et al.*,

                    Defendants.

Case No. 2:26-cv-00116-JAD-MDC

**ORDER GRANTING MOTION TO AMEND (ECF NO. 20)**

The Court has reviewed defendants Kevin McMahill and Jon Doe LVMPD Officers 1-10's (collectively "LVMPD defendants") renewed *Motion to Amend Answer to Complaint* ("Motion") (ECF No. 20). In this Section 1983 action, LVMPD defendants filed this Motion following the Court denying their prior *Motion to Amend* (ECF No. 16) without prejudice. *ECF No. 19*. For good cause shown, the Court now **GRANTS** the Motion for the reasons below.

**DISCUSSION**

**I.      LEGAL STANDARD**

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at

1

1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

## II.    ANALYSIS

LVMPD defendants seek to specify that Christopher J. Lalli, Esq. only represents them and not defendant Clark County in their proposed amended Answer. *ECF No. 20.* They attach as an exhibit the proposed amended Answer. *ECF No. 20-1*. The Court denied their previous *Motion to Amend* because they did not provide certificate or evidence of service of it to plaintiff. *ECF No. 19*. In the Motion, they now include a certificate of service to plaintiff. *ECF No. 20* at 4. The Court also finds good cause exists to grant the Motion. *Griggs*, 170 F.3d at 880. There is no apparent bad faith or undue delay in the Motion. The amendments do not prejudice plaintiff, nor are they futile. This would also be the first time that LVMPD defendants would have leave of the Court to amend their Answer. Therefore, the Motion is granted. *See* Fed. R. Civ. P. 15(a)(2). LVMPD defendants shall file the proposed amended Answer no later than **July 14, 2026**. They must also serve the amended Answer to plaintiff by the same date.

ACCORDINGLY,

**IT IS ORDERED that:**

1.      Defendants Kevin McMahill and Jon Doe LVMPD Officers 1-10's *Motion to Amend Answer to Complaint* (ECF No. 20) is **GRANTED**.

2.     Defendants Kevin McMahill and Jon Doe LVMPD Officers 1-10 shall file the proposed amended Answer no later than **July 14, 2026**. They must also serve the amended Answer to plaintiff by the same date.

DATED: July 6, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

3